UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| SHANNON KEITH HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 13-223-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN J. C. HOLLAND, | ) | **MEMORAUDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Shannon Keith Harris is a prisoner incarcerated at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Harris has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] After reviewing the petition, the Court will deny the relief sought.[1]

On April 11, 2007, a federal jury sitting in Galveston, Texas, found Harris guilty of: (i) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (ii) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); (iii) possessing fifty or more grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (iv) conspiracy to possess fifty or more grams of cocaine base with intent to

---

[1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Harris's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

distribute in violation of 21 U.S.C. § 846. On January 31, 2008, the trial court sentenced Harris to a 120-month term of incarceration on the felon-in-possession charge, to be served concurrently with a life term of incarceration on the drug trafficking charges, and to a consecutive 60-month term of incarceration for possessing a firearm in furtherance of a drug trafficking crime. *United States v. Harris*, No. 3:03-cr-14-1 (S.D. Tex. 2003). The Fifth Circuit affirmed his conviction and sentence on direct appeal. *United States v. Harris*, 566 F.3d 422 (5th Cir. 2009). Thereafter, on November 16, 2011, the trial court denied Harris's motion for collateral relief under 28 U.S.C. § 2255. *Harris v. United States*, No. 3:11-cv-280 (S.D. Tex. 2011).

In his current petition, Harris contends that the indictment charged that "[o]n or about July 11, 2003, . . . [he] did knowingly possess one or more firearms . . . in furtherance of a drug trafficking crime . . . in violation of Title 18, United States Code, § 924(c)(1)(A)." [Record No. 1-1, p. 1] Harris alleges that during trial evidence was presented that he did not merely possess the firearm, but carried and actively used the firearm in furtherance of drug trafficking crime; that the jury was instructed regarding this more serious conduct; and that the trial court sentenced him for use - rather than mere possession - of a firearm. Harris contends that the variance of the evidence at trial resulted in an impermissible amendment to the indictment and was contrary to applicable law, both in the circuit of conviction and place of his detention. *Id*. at 2 (*citing United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001); *United States v. Ceballos*, 218 F.3d 409, 413 (5th Cir. 2000)). Harris's petition will be denied because his claims: (i) are barred as an abuse of the writ; (ii) may not be pursued in a habeas corpus petition filed under § 2241; and (iii) are predicated upon factual allegations flatly refuted by the record at his criminal trial.

First, a district court may apply the abuse of the writ doctrine to refuse to consider claims which could or should have been asserted in a prior habeas proceeding. *McClesky v. Zant*, 499 U.S. 467, 480-84 (1991); *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995) ("An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.'"); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003). Here, Harris's challenge to the allegedly constructive amendment of the indictment were claims that could and should have brought on direct appeal; in his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255; or in a prior petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Notably, both of the decisions upon which Harris relies were decided at least two years *prior to* his 2002 indictment and seven years *prior to* his 2008 conviction. Having previously chosen to withhold assertion of his present claims (including in a prior § 2241 petition before this Court in *Harris v. Holland*, No. 6:13-73-DLB (E.D. Ky. 2013)), he may not do so now. As this Court has previously stated:

> Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ' which this Court will not permit.

*Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) (*citing Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985)); *see also Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008); *Dunne v. Zuercher*, No. 7:10-71-ART (E.D. Ky. 2010), *aff'd*, No. 12-5066 (6th Cir. 2012).

Second, Harris's claim that the evidence at trial effectively amended the nature of the charges against him - a quintessential claim of trial error - is not cognizable under § 2241. A

habeas corpus petition pursuant to 28 U.S.C. § 2241 is not a substitute for a direct appeal or an additional remedy to § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The "savings clause" does not permit resort to § 2241 merely because the prisoner failed to seek relief under § 2255, or did so without success. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Because this claim is one which could and should have been pursued on direct appeal or in an initial motion under § 2255, relief under § 2241 is unavailable. *Cf. Hemphill v. Rios*, No. 07-CV-60-GFVT, 2007 WL 1113519 (E.D. Ky. Apr. 12, 2007) (holding that claim that "the prosecution's evidence offered at trial proved facts materially different from those as alleged in the indictment" was not cognizable in § 2241 petition).

Finally, Harris's assertion that he was convicted by the jury and sentenced by the trial court based on "use" of a firearm during and in relation to a drug trafficking offense is refuted by the record. In the second superseding indictment filed on October 18, 2006, Count Two charged that Harris "did knowingly *possess* one or more firearms . . . in furtherance of a drug trafficking crime . . . to wit: possession with intent to distribute a controlled substance, a violation of Title 21, United States Code, Section 841(a)(1), In violation of Title 18, United States Code, Section 924(c)(1)(A)." [Record No. 150 therein, p. 2 (emphasis added)] The jury instructions explained that "[f]or you to find the defendant guilty of this crime, you must be convinced . . . that the defendant knowingly *possessed* a firearm in furtherance of the defendant's alleged commission of the crimes charged in Counts Three or Four." [Record No. 183 therein, p. 14 (emphasis added)] Finally, the Judgment entered on February 13, 2008, indicates that Harris's conviction under Count 2 of the second superseding indictment for violation of 18 U.S.C. § 924(c)(1)(A) was for "*possession* of firearms in furtherance of a drug trafficking crime." [Record No. 217 therein, p. 1 (emphasis added)] Because Harris was indicted, tried, convicted, and sentenced for

possession of a firearm in furtherance of a drug trafficking crime, no constructive amendment of the indictment occurred. And because his allegation to the contrary is refuted by the record, his claim is substantively without merit. Accordingly, it is hereby

**ORDERED** as follows:

1. Harris's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. A corresponding judgment will be entered this date.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 14th day of February, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge